NOT DESIGNATED FOR PUBLICATION

No. 123,075

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RAY ANTHONY MILES,
*Appellant*,

v.

SHAWNEE COUNTY and H. KENT HOLLINS,
*Appellees*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; TERESA L. WATSON, judge. Opinion filed February 26, 2021. Affirmed.

*Ray Anthony Miles*, appellant pro se.

*Jonathan C. Brzon*, assistant county counselor, for appellee Shawnee County Board of County Commissioners.

*Kendall M. McVay*, of McVay Law Office, L.L.C., of Topeka, for appellee H. Kent Hollins.

Before GREEN, P.J., MALONE and WARNER, JJ.

PER CURIAM: Ray Anthony Miles appeals the district court's decision granting the defendants' motions to dismiss Miles' petition and denying Miles' motion for default judgment against each defendant. The only issue that Miles raises on appeal is that the district court erred in denying his motion for default judgment. But the defendants were never in default, so we affirm the district court's judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

On December 5, 2019, Miles, an inmate at the Shawnee County Jail, filed a pro se petition against Shawnee County and H. Kent Hollins. The one-page petition, signed and sworn to by Miles, stated in its entirety:

> "The Plaintiff in the above-captioned matter requests: [that] the court grant the sum of $350,000.00 for violation of my civil right. They took my money without due process that[']s violation of my 14th Amend of the U.S. Const. & Sec. 10 of the Kan. Const. Bill of Right."

The Clerk of the Shawnee County District Court issued a summons for each defendant on December 20, 2019. Miles completed service on Shawnee County on January 3, 2020, and he completed service on Hollins on January 7, 2020.

Shawnee County filed its answer on January 23, 2020, denying the allegations and asserting various affirmative defenses. The next day, Shawnee County moved to dismiss on the grounds that Miles had failed to exhaust the available administrative remedies and had failed to state a claim upon which relief could be granted.

On January 24, 2020, Hollins obtained a 14-day extension of his deadline to file a response to Miles' petition under Kansas Supreme Court Rule 113 (2020 Kan. S. Ct. R. 184). Then on February 10, 2020, Hollins filed a motion to dismiss for insufficient service, for failure to state a claim upon which relief could be granted, and because Miles' claim was barred by the doctrine of res judicata.

In the meantime, on January 31, 2020, Miles filed a "Motion to be declared Winner by Default" pursuant to K.S.A. 60-255(a), asserting that the defendants had failed to timely file their answers, so the district court should enter default judgment in his

2

favor. Miles asserted in his motion that the 21-day period for the defendants to respond to his petition began to run on December 20, 2019.

On April 2, 2020, the district court issued its memorandum decision and order, ruling on Miles' motion for default judgment and the defendants' motions to dismiss. Noting that Miles had failed to even allege that he had exhausted administrative remedies before filing his petition, the district court granted Shawnee County's motion to dismiss. The district court granted Hollins' motion to dismiss because "Miles' petition states no discernible claim against Hollins." Turning to Miles' motion for default judgment, the district court explained:

> "Defendants had 21 days after service of the petition to file a responsive pleading. See K.S.A. 60-212(a)(1)(A)(i). Miles purportedly obtained service on Shawnee County on January 3, 2020. Shawnee County timely filed an answer on January 23, 2020, and a motion to dismiss on January 24, 2020. Miles purportedly obtained service on Hollins on January 7, 2020. The original answer deadline was January 28, 2020. On January 24, 2020, Hollins obtained a 14-day clerk's extension of that deadline to February 11, 2020. See Supreme Court Rule 113. Hollins timely filed his responsive pleading—a motion to dismiss—on February 10, 2020. Miles' motion for default against these defendants is denied."

Miles timely appealed "the District Court[s] decision in this case."

ANALYSIS

In his first issue, Miles contends that the district court based its denial of his motion for default judgment on improper calculations and a misunderstanding of the law, improperly calculating the 21-day deadline for the defendants to file responsive pleadings from the dates of service rather than the date the summonses were issued. He argues that by doing so, the district court violated multiple Rules of Judicial Conduct that require

3

judges to comply with the law, promote confidence in the judiciary, avoid impropriety, perform their judicial duties without bias, prevent harassment, afford parties their right to be heard, and hear and decide matters assigned to them. Although Miles' second issue on appeal is directed at defense counsel, it also presumes that the defendants' responsive pleadings were untimely, so Miles was entitled to default judgment. Thus, we will address both issues together, and Miles' only real claim on appeal is that the district court erred in denying his motion for default judgment against each defendant.

Miles does not challenge the district court's decision granting each defendant's motion to dismiss. An issue not briefed by a party is considered waived and abandoned. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018).

We review the denial of a motion for default judgment for abuse of discretion. *Smith v. Philip Morris Companies, Inc.*, 50 Kan. App. 2d 535, Syl. ¶ 18, 335 P.3d 644 (2014). "A district court abuses its discretion if it makes an error of law, makes an error of fact, or was otherwise arbitrary, fanciful, or unreasonable." *In re A.A.-F*, 310 Kan. 125, 141, 444 P.3d 938 (2019). The party asserting the district court abused its discretion bears the burden of showing an abuse of discretion. *Gannon v. State*, 305 Kan. 850, 868, 390 P.3d 461 (2017).

Liberally construing Miles' appellate brief, as we do all pro se pleadings, see *Mundy v. State*, 307 Kan. 280, 304, 408 P.3d 965 (2018), Miles argues that the district court erred by calculating the 21-day response period beginning with the date of service rather than beginning with the date the summonses were issued. Thus, this appeal boils down to whether the 21-day period in which a defendant must file a responsive pleading begins with the date service is completed, as the district court held, or begins with the date the clerk issues the summons, as Miles contends.

Resolution of this question requires us to interpret statutes and Kansas Supreme Court rules. We exercise unlimited review over the interpretation of statutes and Supreme Court rules. See *Montgomery v. Saleh*, 311 Kan. 649, 654, 466 P.3d 902 (2020) ("Statutory interpretation is a question of law subject to unlimited review."); *Rinehart v. Morton Buildings, Inc.*, 297 Kan. 926, 942, 305 P.3d 622 (2013) ("Interpretation of a Supreme Court rule is a question of law subject to unlimited review.").

In interpreting a statute, we first look at the language, "giving common words their ordinary meanings." *Montgomery*, 311 Kan. at 654. "When a statute is plain and unambiguous, we should not speculate about the legislative intent behind that clear language, and we should refrain from reading something into the statute that is not readily found in its words." 311 Kan. at 654-55.

K.S.A. 2020 Supp. 60-212(a)(1) states:  "Unless otherwise provided by law, the time for serving a responsive pleading is as follows:  (A) A defendant must serve an answer: (i) Within 21 days after being served with the summons and petition." K.S.A. 2020 Supp. 60-212(b) allows a defendant to file various motions instead of an answer, including a motion to dismiss for failure to state a claim upon which relief can be granted. See K.S.A. 2020 Supp. 60-212(b)(6). K.S.A. 2020 Supp. 60-255(a) states:

> "*Entry*. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the party is in default. On request and a showing that a party is entitled to a default judgment, the court must render judgment against the party in default for the remedy to which the requesting party is entitled."

Miles contends that the district court erred by denying his motion for default judgment under K.S.A. 2020 Supp. 60-255(a) because Shawnee County and Hollins failed to answer his petition within 21 days after the clerk issued the summons. But Miles fails to acknowledge that the plain language of K.S.A. 2020 Supp. 60-212(a)(1)(A)(i)

clearly states that the 21-day period begins "after *being served with* the summons and petition," not upon the issuance of the summons. (Emphasis added.) Thus, Miles' assertion that the 21-day period began on December 20, 2019, when the summonses were issued is incorrect. Instead, the 21-day period began to run on the date each defendant was served with the summons and the petition.

Miles does not dispute the district court's findings that he served Shawnee County on January 3, 2020, and he served Hollins on January 7, 2020. As the district court correctly computed, Shawnee County timely responded within the 21-day period after January 3, 2020, by filing its answer on January 23, 2020. Hollins timely obtained a 14-day extension from the clerk on January 24, 2020, under Kansas Supreme Court Rule 113, extending his deadline to respond to February 11, 2020. Then, on February 10, 2020, Hollins moved to dismiss which was an appropriate responsive pleading under K.S.A. 2020 Supp. 60-212(b). Thus, the district court did not abuse its discretion or otherwise err in denying Miles' motion for default judgment, as it hinged on the factually incorrect premise that the defendants had not timely responded to the petition.

Affirmed.